**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | | |
|---|---|---|
| **MARY WEBB,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **vs.** | § | |
| | § | **CIVIL ACTION NO. _____** |
| **FRISCO INDEPENDENT SCHOOL** | § | |
| **DISTRICT and WESLEY CUNNINGHAM,** | § | |
| **an Individual,** | § | |
| | § | |
| **Defendants.** | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

**COMES NOW** Plaintiff Mary Webb, Ed.D. ("Webb" or "Plaintiff") and files her Original Complaint and, in support of her causes of action, alleges as follows:

### I.     PARTIES

1.     Plaintiff is a resident of and citizen of the state of Texas.

2.     Plaintiff is a 49-year old female.

3.     Defendant Frisco Independent School District ("FISD") is an independent school district whose principal place of business is in Frisco, Collin County, Texas. FISD is a large, suburban school district with more than twenty employees and is, therefore, an "employer" within the meaning of both Title VII and the Age Discrimination in Employment Act.

4.     Defendant Dr. Wesley Cunningham ("Dr. Cunningham") is an individual resident and citizen of Texas.

### II.     JURISDICTION AND VENUE

5.     This action arises under Title VII of the United States Code, 42 USC § 2000e *et seq*. and the Age Discrimination in Employment Act, 29 USC § 621 *et seq*.

6. Venue properly lies in this Court because all acts and omissions giving rise to this claim (specifically the employment decisions addressed herein) took place in Collin County, which is in the District and Division in which suit has been filed.

### III. FACTS SUPPORTING PLAINTIFF'S CLAIMS

7. Beginning in 2016, Dr. Webb worked as the Managing Director of Elementary Education and Instruction for FISD.

8. Prior to November 2021, Dr. Webb's supervisor, Wesley Cunningham, Ed.D., regularly praised Dr. Webb for her "awesome" work, praising her "excellent, clear communication," and expressing appreciation for Dr. Webb "being such a great resource."

9. In fact, in June 2021, FISD reviewed Dr. Webb's job performance and found that her performance was either "clearly outstanding" or meeting expectations in each of the approximately 50 categories. In this review, the reviewer (Dr. Cunningham) noted that Dr. Webb was "extremely well-versed in elementary instruction" and noted that she should "continue to find ways to provide the proactive support directly with campus leadership that her [sic] and her team are so good at."

10. Despite a tenure full of glowing reviews and compliments, things changed suddenly in November 2021. On November 19, 2021, Dr. Cunningham informed Dr. Webb of the "perceptions" of unidentified campus and district leaders that Dr. Webb and her department were not trustworthy. Dr. Webb asked for specific, detailed information about these alleged complaints, but Dr. Cunningham was not able to provide any at that meeting or at a subsequent meeting on November 30, 2021. When Dr. Webb expressed surprise at this turn of events, Dr. Cunningham admitted that he had received no complaints about Dr. Webb's performance but was told "from above" to create documentation regarding these complaints, nonetheless. Upon information and

belief, Dr. Michael Waldrip and Mr. Kenny Chandler were the individuals who directed Dr. Cunningham to create the documentation regarding the unspecified complaints against Dr. Webb.

11. On December 15, 2021, FISD and Dr. Cunningham placed Dr. Webb on a performance improvement plan aimed at improving her performance, despite her previous excellent reviews and Dr. Cunningham's admission that he had no complaints about Dr. Webb's work performance.

12. On January 3, 2022, Dr. Webb filed an internal grievance concerning her placement on the performance improvement plan.

13. Rather than address Dr. Webb's grievance, Dr. Cunningham asked Dr. Webb whether she would resign in exchange for removing the requirement that she complete the performance improvement plan.

14. For nearly two months, Dr. Webb heard nothing about her grievance until, after multiple requests for updates, she met with outside counsel on March 1, 2022, and provided names of witnesses to be interviewed. According to FISD's outside counsel, she was conducting an investigation into Dr. Webb's grievance.

15. In the meantime, Dr. Webb completed the performance improvement plan, despite the fact that Dr. Cunningham routinely failed to perform his portion of the plan (e.g., canceling meetings with Dr. Webb and failing to follow-up on other matters).

16. Upon information and belief, FISD's outside counsel never contacted several witnesses identified by Dr. Webb. Furthermore, FISD's outside counsel never pursued other items identified by Dr. Webb that would substantiate Dr. Webb's grievance.

17. Specifically, Dr. Webb noted that FISD had a history of antagonizing and terminating older women in its senior administration. Dr. Webb identified Dr. Laurie Tinsley and

Mrs. Marcia Shannon as older women who ultimately left their employment with FISD under similar circumstances.

18. On April 29, 2022, FISD notified Dr. Webb that she would be reassigned from her position, despite having completed the performance improvement plan and despite Dr. Cunningham's acknowledgement that the performance improvement plan was unwarranted. Dr. Cunningham also informed Dr. Webb that FISD would not move forward with her contract renewal beyond June 2023.

19. On May 26, 2022, Dr. Webb resigned from her employment, having endured a work environment that was threatening, harassing, and demeaning. FISD created such intolerable working conditions for Dr. Webb that no reasonable person would have remained employed.

20. In direct contrast with FISD's treatment of Dr. Webb, FISD allowed a senior male employee to remain employed even though he was discovered having sexual relations with a female employee on FISD property.

IV. <u>STATEMENT OF CLAIMS</u>

***COUNT ONE: DISCRIMINATION UNDER TITLE VII***

21. Plaintiff incorporates Paragraphs 1 through 20 hereinabove as if fully set forth herein at length.

22. 42 U.S.C. § 2000e prohibits discrimination against employees based upon their gender, among other things.

23. Defendants discriminated against Plaintiff based upon her gender. Older male employees are not subjected to the same treatment that Dr. Webb experienced.

24. Plaintiff complained about this behavior and received no substantive response.

25. As a result of Defendants' actions, Plaintiff suffered and continues to suffer damages and Plaintiff hereby sues.

26. Plaintiff also seeks her attorneys' fees.

### *COUNT TWO: DISCRIMINATION IN VIOLATION OF THE ADEA*

27. Plaintiff incorporates Paragraphs 1 through 20 hereinabove as if fully set forth herein at length.

28. 29 U.S.C. § 623 prohibits discrimination against employees based upon their age.

29. Defendants discriminated against Plaintiff based upon her age.

30. Younger female employees are not subjected to the same harassing, demeaning, and threatening behavior that Dr. Webb experienced.

31. Plaintiff complained about this behavior and received no substantive response.

32. As a result of Defendants' actions, Plaintiff suffered and continues to suffer damages and Plaintiff hereby sues.

33. Plaintiff also seeks her attorneys' fees.

### *COUNT THREE: RETALIATION IN VIOLATION OF TITLE VII*

34. Plaintiff incorporates Paragraphs 1 through 20 hereinabove as if fully set forth herein at length.

35. 42 U.S.C. § 2000e prohibits retaliation against employees who complain about illegal employment discrimination under Title VII.

36. Plaintiff complained to FISD and Dr. Cunningham about discrimination against her via the formal grievance process FISD had in place.

37. Neither FISD nor Dr. Cunningham did anything to rectify the discrimination against Dr. Webb.

38.     Instead, FISD constructively discharged Plaintiff, despite her having received excellent reviews, her completion of the performance improvement plan FISD implemented, and Dr. Cunningham's acknowledgement that the performance improvement plan was unwarranted.

39.     As a result of Defendants' actions, Plaintiff suffered and continues to suffer damages and Plaintiff hereby sues.

40.     Plaintiff also seeks her attorneys' fees.

***COUNT FOUR: RETALIATION IN VIOLATION OF THE ADEA***

41.     Plaintiff incorporates Paragraphs 1 through 20 hereinabove as if fully set forth herein at length.

42.     29 U.S.C. § 623 prohibits retaliation against employees who complain about illegal employment discrimination under the ADEA.

43.     Plaintiff complained to FISD and Dr. Cunningham about the discrimination against her via the formal grievance process FISD had in place.

44.     Neither FISD nor Dr. Cunningham did anything to rectify the discrimination against Dr. Webb.

45.     Instead, FISD constructively discharged Plaintiff, despite her having received excellent reviews, her completion of the performance improvement plan FISD implemented, and Dr. Cunningham's acknowledgement that the performance improvement plan was unwarranted.

46.     As a result of Defendants' actions, Plaintiff suffered and continues to suffer damages and Plaintiff hereby sues.

47.     Plaintiff also seeks her attorneys' fees.

V.     <u>REMEDIES</u>

WHEREFORE, Plaintiff prays that the Court grant her the following relief:

a.  Back pay and front pay in a precise amount to be determined by the jury;

b.  Compensatory damages against Defendants as a consequence of Defendants' unlawful actions, in a precise amount to be determined by the jury;

c.  Punitive and exemplary damages, in a precise amount to be determined by the jury;

d.  Prejudgment and post-judgment interest;

e.  Reasonable attorneys' fees, expenses and costs, as specifically authorized by statute, to be calculated by the Court pursuant to the established procedures and precedents; and

f.  Such other relief as the Court shall deem just and proper.

## VI.  <u>JURY TRIAL DEMAND</u>

Plaintiff demands a trial by jury on all issues of facts and damages raised in this case.

Respectfully submitted,

Michael E. Coles
State Bar No. 24007025
mikec@colesfirm.com
**THE COLES FIRM PC**
4925 Greenville Ave., Suite 200
Dallas, Texas 75206
(214) 443-7860 (Telephone)
(972) 692-7145 (Facsimile)

Of Counsel:

**THE LAMBERSON LAW FIRM PC**
6333 E. Mockingbird Ln, Suite 147-524
Dallas, Texas 75214
(214) 320-2894 (Telephone)
(214) 602-5796 (Facsimile)

By: _____
Elizabeth Aten Lamberson, Lead Attorney
State Bar No. 24027044
lizl@colesfirm.com

**ATTORNEYS FOR PLAINTIFF**